**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**JOSE MANUEL LOPEZ TORRES,**

Petitioner,

v. Civil Action No. **3:26CV869 (RCY)**

**JEFFREY CRAWFORD, *et al.*,**

Respondents.

**MEMORANDUM OPINION**

Jose Manuel Lopez Torres ("Petitioner"), proceeding *pro se*, is an alien who is present in the United States without admission. He filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("§ 2241 Petition," ECF No. 1), challenging the lawfulness of his detention by Immigration and Customs Enforcement ("ICE"). Petitioner alleges, *inter alia*, that Respondents' application of 8 U.S.C. § 1225(b) to mandate his detention violates the Immigration and Nationality Act ("INA"). *See* ECF No. 1, at 6–7.[1] For the reasons set forth below, the § 2241 Petition will be GRANTED. Respondents will be ORDERED to provide Petitioner with a bond hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226.

**I. BACKGROUND**

Petitioner indicates that he entered the United States thirteen years ago. ECF No. 1, at 7. Petitioner was taken into immigration custody on June 2, 2026. *Id.* at 5. Petitioner states that no removal order has been issued. *Id.* Petitioner asserts that he has a daughter, is "a good member of the community," is not a risk, and has only committed traffic violations. *Id.* at 7.

[1] The Court employs the pagination assigned by the CM/ECF docketing system.

On August 27, 2026, Petitioner filed his § 2241 Petition in this Court. ECF No. 1. It appeared to the Court that the factual circumstances and legal issues presented in the § 2241 Petition were materially identical to those presented in other recently filed and adjudicated habeas petitions addressing the propriety of mandatory detention pursuant to 8 U.S.C. § 1225(b)(2). ECF No. 5. Accordingly, the Court issued a Memorandum Order directing Respondents to file within seven (7) days a notice indicating that the factual and legal issues presented in this § 2241 Petition did not differ in any material fashion from those presented in *Ortega Miranda v. Bondi*, No. 3:25CV769 (DJN), 2026 WL 287179, at *1 (E.D. Va. Feb. 3, 2026), or an explanation why material factual or legal differences did exist. *Id*. at 1–2. The Court further noted that should Respondents confirm there are no material differences between this petition and *Ortega Miranda* the prior filings from that case would be adopted in the present case for efficiency, and the Court would rule without additional submissions. *Id.* Respondents timely submitted a Notice in response to the Court's Memorandum Order. ECF No. 6. Respondents acknowledged that:

> [T]he factual and legal issues presented in the instant habeas petition do not differ in any material fashion from those presented in *Ortega Miranda*; namely, both the instant petition and *Ortega Miranda* concern whether an alien who is present in the United States without admission is properly subject to mandatory detention (*i.e.*, detention without the prospect of release on bond) during the pendency of his administrative removal proceedings pursuant to 8 U.S.C. § 1225(b).

*Id.* at 1. "[C]onsistent with its recent order," Respondents recommend that the Court "incorporate the filings in *Ortega Miranda* into the record of this habeas action." *Id.* With Respondents' confirmation that there are no material differences between this petition and *Ortega Miranda*, the prior filings from that case will be adopted in the present case for efficiency, and the Court will rule without additional submissions.

## II. STANDARD OF REVIEW

28 U.S.C. § 2241(a) provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." *Id* "A federal court may grant habeas relief only on the ground that the petitioner is in custody in violation of the Constitution or laws or treaties of the United States." *Torrence v. Lewis*, 60 F.4th 209, 213 (4th Cir. 2023) (internal citations and brackets omitted). After receiving the petition and any response thereto, "[t]he court shall summarily hear and determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.

## III. ANALYSIS

The central question posed in the § 2241 Petition concerns whether Petitioner is entitled to a discretionary bond hearing under 8 U.S.C. § 1226(a) or whether he is subject to the mandatory detention provision of 8 U.S.C. § 1225(b)(2)(A).

Petitioner contends that 8 U.S.C. § 1226 entitles him to a bond hearing. ECF No. 1, at 6, 8. Respondents support the Court's incorporation of the arguments and rationale recently rejected in *Ortega Miranda*, ECF No. 19. ECF No. 6. Here, as in *Ortega Miranda*, Respondents insist that Petitioner's detention is lawful under 8 U.S.C. § 1225's mandatory detention provisions. *See Ortega Miranda*, ECF No. 14, at 5–22.

Petitioner has been present in the United States for many years, and because § 1226(a) sets forth "the default rule" for detaining and removing noncitizens "already present in the United States," *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018), Petitioner's detention is governed by § 1226(a). As the United States Court of Appeals for the Fourth Circuit recently held: "Section 1226(a) properly governs the detention of noncitizens like [Petitioner] who are present in the United States, regardless of how they came to be in our country." *Lopez Garcia v. Guadian*, No. 25-7044, ___ F.4th ___, 2026 WL 2661092, *20 (4th Cir. Sep. 10, 2026). Under § 1226(a) and

its implementing regulations, Petitioner is entitled to a bond hearing before an Immigration Judge, in which an Immigration Judge must determine whether he poses a danger to the community and whether he is a flight risk. 8 U.S.C. § 1226(a); 8 C.F.R. § 1236.1(d)(1). Unless an Immigration Judge makes such a determination, Petitioner's continued detention is unlawful.

**IV. CONCLUSION**

For the above reasons, the § 2241 Petition (ECF No. 1) will be GRANTED. An appropriate Order will issue.

/s/ RCY
Roderick C. Young
United States District Judge

Date: September 16, 2026
Richmond, Virginia